**FARMLAND INDUSTRIES, INC., Appellant and Cross-Appellee,**

v.

**KANSAS–NEBRASKA NATURAL GAS COMPANY, INC., Appellee and Cross-Appellant.**

**Nos. 72-1775, 72-1779.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1973.

Decided Oct. 23, 1973.

Rehearing Denied Nov. 20, 1973.

Leonard O. Thomas, Kansas City, Kan., for Farmland.

Richard Jones, Wichita, Kan., for Kansas-Neb. Natl. Gas.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

BRIGHT, Circuit Judge.

Since the early 1960's, Farmland Industries, Inc. has produced anhydrous ammonia for use as fertilizer at its Hastings, Nebraska, plant, this manufacturing process requires natural gas both as a raw material, called firm or process gas, and also as fuel for its boilers, known as interruptible or fuel gas. The only source of natural gas in the region was and continues to be Kansas-Nebraska Natural Gas Co., Inc., and Farmland, accordingly, had concluded two contracts —one for fuel gas and one for process gas—with Kansas-Nebraska in 1963.

Both contracts contained termination with notice clauses, and on November 24, 1970, Kansas-Nebraska gave proper notice to Farmland of its desire to ter-

* Eastern District of Michigan, sitting by designation.

minate boiler fuel service as of January 1, 1971, unless the parties could agree to new rate terms. Negotiations stalled, and, on January 9, 1971, Kansas-Nebraska cut off Farmland's supply of fuel gas. For two weeks, Farmland utilized fuel oil, a high cost substitute for natural gas, but finally signed a new contract with higher rates on January 23, 1971. Shortly thereafter, on February 16, 1971, Kansas-Nebraska threatened a similar cutoff of process gas, to become effective April 30, 1971, prompting Farmland to sign a new contract for that gas as well, albeit under protest.

Farmland commenced the instant action in federal court seeking damages and injunctive relief against Kansas-Nebraska, contending that Kansas-Nebraska's conduct constituted an abandonment of natural gas service for both boiler gas and process gas in violation of the provisions of the Natural Gas Act, 15 U.S.C. § 717.

The district court awarded Farmland damages in the sum of $33,824.29 for unlawful termination of service of boiler gas during January 1971, but declined any relief from the higher rates or for Kansas-Nebraska's threats to cut off service of process gas. Farmland has appealed the judgment as inadequate. Kansas-Nebraska has cross-appealed from the award of a money judgment in favor of Farmland.

Upon the trial of the merits in the district court, Chief Judge Warren K. Urbom determined that Kansas-Nebraska, which had provided service to Farmland through facilities constructed under a certificate of convenience and necessity issued by the Federal Power Commission, had violated provisions of the Natural Gas Act by abandoning boiler gas service to Farmland without first obtaining approval of the Federal Power Commission pursuant to 15 U.S.C. § 717f(b).

The district court declined to award any damages attributable to the controversy concerning process gas, since no termination of service had actually oc-curred, and further declined to intervene in the rate disputes between the parties stemming from the increased charge made for boiler gas after January 1971 and for process gas after April 1971, on the ground that the court possessed no jurisdiction to determine the reasonableness of those rates.

We agree with Judge Urbom's resolution of this controversy. He has. set forth the facts and the applicable law with succinctness and admirable clarity in a written decision reported as Farmland Industries, Inc. v. Kansas-Nebraska Natural Gas Co. Inc., 349 F.Supp. 670 (D.Neb.1972). Since we affirm on the basis of this decision, we find it necessary to add but a few comments.

▉▉▉ The language of 15 U.S.C. § 717f(b), a provision of the Natural Gas Act, in a straightforward manner states that: "No natural-gas company shall abandon * * * any service * * * without the permission and approval of the Commission first had and obtained, after due hearing * * *." In the absence of any contrary legislative history or judicial gloss, its plain meaning must be deemed controlling. Old Colony R. Co. v. Commissioner, 284 U.S. 552, 560, 52 S.Ct. 211, 76 L.Ed. 484 (1932); Bruhn's Freezer Meats of Chicago, Inc. v. U.S.D.A., 438 F.2d 1332, 1338 (8th Cir.1971). Kansas-Nebraska was under a continuing duty to deliver gas until it could justify an abandonment to the Commission, even though its contract obligation had expired. See Sunray Mid-Continent Oil Co. v. FPC, 364 U.S. 137, 155, 80 S.Ct. 1392, 4 L.Ed.2d 1623 (1960). Where there exists a federal right, there must be a concurrent federal remedy. 349 F.Supp. at 677 et seq.; see generally J. I. Case Co. v. Borak, 377 U.S. 426 (1964). Kansas-Nebraska abandoned its boiler gas service to Farmland without the approval of the Federal Power Commission and must, therefore, be liable in damages to its customers. Since it did not in fact terminate service of process gas, no action under the Natural Gas Act lies for abandonment of that service.

A few words, however, need to be said regarding Farmland's claim that, in the circumstances of this case, the federal courts should exercise jurisdiction over the reasonableness of the rates charged by Kansas-Nebraska. Certainly by its terms the Natural Gas Act excludes intrastate sales from the "reasonable rate" regulation of the Federal Power Commission, compare 15 U.S.C. § 717(b) with 15 U.S.C. § 717c(a), and hence from enforcement in the federal courts, see 15 U.S.C. § 717u. Moreover, the amounts paid by Farmland in excess of a "reasonable rate" after the new contracts were signed cannot logically be viewed as part of the damages arising out of the illegal cutoff of fuel gas, as Farmland would have us believe. The district court aptly observed:

> Presently, actions are pending in state courts between the plaintiff and the defendant here. There is nothing to suggest that those actions, or some different action in a state court, would be inadequate to determine the reasonableness of the rates Kansas-Nebraska has charged Farmland since the termination of the former contract for boiler gas. As new federal remedies should be no broader than necessary, one should not be extended to take from the state courts the prerogative of deciding the rate issue. The wrong, if there be one, will not go remediless if no federal claim is inferred. [349 F.Supp. at 681.]

The district court correctly held that it was without jurisdiction under the Natural Gas Act to determine the reasonableness of the rates for natural gas delivered to Farmland by Kansas-Nebraska.[1]

Both parties on oral argument conceded that, although Nebraska law provides for no administrative controls or supervision over the natural gas rates, a consumer or indeed the gas supplier might obtain by an appropriate civil action in state court a retrospective judicial determination of the reasonableness of those rates.

Accordingly, we find no error in the declination of the district court to accept jurisdiction over those aspects of the suit in which Farmland sought to contest the propriety of the revised rates that Kansas-Nebraska charged Farmland as a condition of continuing its service beyond December 31, 1970, for boiler gas, and beyond April 30, 1971, for process gas.

We affirm on the basis of Judge Urbom's opinion, 349 F.Supp. 670 (D.Neb. 1972).

---

1. On this appeal, Farmland has suggested that the district court should have exercised pendent jurisdiction over the claim for damages arising from excessive rates charged for gas. This contention raises no claim of reversible error here. As has been noted by the Supreme Court, " * * * pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers v.

Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). But, in saying this, we do not mean to intimate that the district court might not have exercised pendent jurisdiction over the rate phase of the controversy between the parties if it had so chosen.